UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASEY FURGALA,

Plaintiff,

Case No. 25-
Hon.

v.

DELTA CHARTER TOWNSHIP, BRIAN REED, in his Official capacity, and JOHN KAHLER, in his Official capacity,

Defendants.
______________________________________/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
______________________________________/

# PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, KASEY FURGALA, by and through his attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendants, DELTA CHARTER TOWNSHIP, BRIAN REED, in his Official capacity, and JOHN KAHLER, in his Official capacity, stating as follows:

## COMMON ALLEGATIONS

1. That Plaintiff is a resident of the County of Ingham, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That Defendant DELTA CHARTER TOWNSHIP is a public municipal

corporation operating within the County of Eaton, State of Michigan and is otherwise domiciled in the State of Michigan.

3. That Defendant BRIAN REED is a resident of the County of Ingham, State of Michigan and is otherwise domiciled in the State of Michigan.

4. That Defendant JOHN KAHLER is a resident of the County of Eaton, State of Michigan and is otherwise domiciled in the State of Michigan.

5. That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

7. That at all times material hereto, Defendant Reed served as Defendant Delta Charter Township's Township Manager.

8. That at all times material hereto, Defendant Kahler served as Defendant Delta Charter Township's Assistant Fire Chief, who was also working as Interim Fire Chief.

9. That in March 2012, Plaintiff began his first employment with Delhi Township.

10. That during said employment, Plaintiff received firefighter, emergency medical technician, and paramedic training.

11. That in February 2021, Plaintiff began working as a full-time firefighter/paramedic with Defendant Delta Charter Township.

12. That at all times material hereto, Plaintiff performed his job duties in a satisfactory and/or an above-satisfactory manner.

13. That Plaintiff's employment was for just cause and, as such, at all times material

hereto, Plaintiff possessed a property interest in his continued employment.

14. That as a firefighter/paramedic, Plaintiff worked twenty-four-hour shifts.

15. That due to the non-traditional shift work, Plaintiff developed "shift sleep disorder," also known as "shift work sleep disorder."

16. That shift sleep disorder frequently affects those who work non-traditional shifts, such as firefighters, law enforcement officers, physicians, nurses, laborers, etc.

17. That because of the medical condition, Plaintiff experienced difficulties falling asleep and waking up.

18. That Plaintiff's medical condition did make it harder for Plaintiff to wake up in time for work, but it did not prevent him from performing the duties of his job.

19. That under Defendant Delta Charter Township's agreements and policies, Defendant does not treat tardiness or absences as an automatic disciplinary offense.

20. That the collective bargaining agreement covering Plaintiff's former employment provides, in part, at Article 29.1, "Failure to report for work without reasonable cause and/or failure to advise the department of suitable reasons for inability to work ***may*** constitute grounds for disciplinary action." (emphasis added).

21. That Defendant also utilizes progressive discipline as noted in the collective bargaining agreement covering Plaintiff's former employment.

22. That the discretionary nature of Defendant's attendance policy demonstrates that there are circumstances in which an employee who fails to give reasonable cause or notice of the absence may not receive discipline and Defendant may excuse failures to timely report for work that do have reasonable cause or occur with reasonable notice.

23. That in fact, Defendant has utilized a form for employees to explain the reasons for

their absence so that Defendant could consider any justifications to excuse the absence or tardiness.

24. That on or about June 1, 2023, due to his medical condition, Plaintiff received a written warning for failing to report to shift on time.

25. That on or about September 20, 2024, due to his medical condition, Plaintiff experienced difficulties waking up and arrived to work late and received a verbal warning for a failure to report to his scheduled shift.

26. That on or about October 19, 2024, Plaintiff was traveling to work and intended on stopping at Station 1 to pick up one of his uniforms before traveling to Station 2.

27. That while doing so, Plaintiff received a telephone call from his wife and learned that she had inadvertently left a laptop power cord in his motor vehicle.

28. That as a result and because his wife needed the power cord, Plaintiff returned home to deliver the power cord.

29. That because of the unanticipated delay caused by returning the power cord, Plaintiff found a uniform at home, so he would no longer need to travel to Station 1.

30. That on or about the same date, October 19, 2024, Plaintiff received a one-day suspension and a written warning for reporting a few minutes late to work.

31. That on or about October 28, 2024, Plaintiff met with Defendant Kahler regarding the two incidents in September and October 2024.

32. That during said meeting, Plaintiff began experiencing significant anxiety that was readily apparent to a station captain also in attendance.

33. That as a result of the anxiety Plaintiff was experiencing and after the meeting concluded, Plaintiff was sent home to serve the one-day suspension.

34. That Plaintiff was verbally assured at that time and was told to "go home and relax,

you are not getting fired. So just enjoy a few days off and we will talk later," or words to that effect.

35. That on or about November 20, 2024, Plaintiff reported to work; however, he was told he would be out of service and had to attend a meeting with Human Resources.

36. That once in said meeting, Plaintiff was presented with two letters, the first terminated his employment and the second was a letter of resignation in lieu of termination.

37. That Plaintiff was then instructed to sign one of the documents.

38. That as Defendants failed to provide Plaintiff with a *Loudermill* hearing and did not give notice and a summary of the evidence against Plaintiff and as Plaintiff was assured he would not be fired, Plaintiff was caught off guard and began experiencing significant anxiety.

39. That Plaintiff therefore requested that he be permitted until the end of the day to decide which letter to sign.

40. That Plaintiff, however, was told he could not leave the building without making a decision.

41. That because Plaintiff knew his termination violated the law, Plaintiff refused to voluntarily resign and Defendants terminated Plaintiff's employment.

42. That the letter terminating Plaintiff's employment contains factually incorrect information.

43. That for example, the letter begins by stating Delta Township Fire Department investigated an incident that occurred on October 26, 2024 when Plaintiff failed to report to work; that this is incorrect and Plaintiff had appropriately reported to work on October 26, 2024.

44. That the letter further falsely claims that Plaintiff was dishonest about his whereabouts; however, Plaintiff has consistently explained what had happened on October 19,

2024.

45. That termination letter further references allegations for which Plaintiff had never heard before, including claims that he had used his cell phone while driving on an unidentified date and time, and that there were questions raised about Plaintiff's clinical decision making, but there is no indication of what that means.

46. That the reasons given for Plaintiff's termination are factually false.

47. That following Plaintiff's termination, he filed a grievance pursuant to the applicable collective bargaining agreement.

48. That on or about December 20, 2024, Defendant Reed denied Plaintiff's grievance at the second step.

49. That in denying Plaintiff's grievance, Defendant Reed offered a new basis for Plaintiff's termination, falsely claiming Plaintiff was late for his shift on three occasions in less than six weeks.

50. That Defendants have given varied and inconsistent reasons for Plaintiff's discharge.

51. That any justification proffered by Defendant for Plaintiff's termination is pretextual in nature.

52. That any justification proffered by Defendant for Plaintiff's termination is either not based in fact, did not actually motivate the decision, and/or was too insignificant to warrant the action taken.

53. That Defendants' actions constitute a denial of pre-deprivation procedural due process in violation of 42 U.S.C. § 1983.

54. That Defendants' actions constitute disability discrimination in violation of 42


THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

U.S.C. § 1983.

55. That Defendants' actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

56. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any and all other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

57. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

58. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

59. That Plaintiff hereby claims damages for any injury or loss caused by Defendants' violations of the Michigan Persons with Disabilities Civil Rights Act, including reasonable attorney fees, pursuant to M.C.L. § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.


THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

**COUNT I – DENIAL OF PRE-DEPRIVATION PROCEDURAL DUE PROCESS IN VIOLATION OF 42 U.S.C. § 1983**

60. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 59 of his Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

61. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

62. That the Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1; *see also Bazzetta v. McGinnis,* 430 F.3d 795, 801 (6th Cir. 2005).

63. That at all times material hereto, Defendants acted under the color State law.

64. That at all times material hereto, Defendant Reed was and is an employee of the Defendant Delta Charter Township and exercises governmental authority as Township Manager.

65. That at all times material hereto, Defendant Kahler was and is an employee of Defendant Delta Charter Township and exercises governmental authority as Interim Fire Chief.

66. That at all times material hereto, Plaintiff had a constitutionally protected liberty and/or property interest Defendants interfered with.

67. That at all times material hereto, Plaintiff's employment with Defendant Delta Charter Township was a "just-cause relationship."

68. That as Plaintiff maintained a just-cause employment relationship, Plaintiff possessed a property interest in his continued employment. *See Rodgers v. 36th Dist. Court*, 529 F. App'x 642, 647-648 (6th Cir. 2013).

69. That prior to discharging an employee from public employment, a public employer

is required to provide oral or written notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity to present the employee's side of the story. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546; 105 S. Ct. 1487 (1985).

70. That Defendants interfered with Plaintiff's constitutionally protected property interest in his continued employment by terminating Plaintiff's employment without providing a *Loudermill* hearing.

71. That Defendants further interfered with Plaintiff's constitutionally protected property interest in his continued employment by failing to give adequate notice of the allegations against Plaintiff.

72. That at all times material hereto, Defendants Reed and Kahler acted pursuant to an official policy or custom of Defendant Delta Charter Township.

73. That at all times material hereto, Defendant Delta Charter Township had delegated final policy-making and decision-making authority to Defendant Reed and/or Defendant Kahler, who abused said authority in failing to provide Plaintiff with a *Loudermill* hearing. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483; 106 S. Ct. 1292 (1986).

74. That Defendant Delta Charter Township is not entitled to any type of immunity as a municipal entity. *Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005).

75. That Defendants Reed and Kahler are not entitled to qualified immunity.

76. That Plaintiff's property interest in his continued employment and the need to provide a *Loudermill* hearing prior to discharging Plaintiff was clearly established. *See Loudermill*, 470 U.S. at 546; 105 S. Ct. 1487.

77. Defendants' actions constitute a denial of pre-deprivation procedural due process in violation of 42 U.S.C. § 1983.


THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

78. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any and all other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

79. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

80. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

**COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1983**

81. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 59 of his Common Allegations and paragraphs 60 through 80 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

82. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be

liable to the injured party at law or in equity.

83. That the Fourteenth Amendment to the United States Constitution provides that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

84. That the Fourteenth Amendment prohibits discrimination because of a person's disability. *See Bullington v. Bedford County, Tennessee*, 905 F.3d 467 (6th Cir. 2018).

85. That at all times material hereto, Plaintiff experienced a "disability."

86. That Plaintiff's "disability" was unrelated to his ability to perform his job duties.

87. That Plaintiff's "disability" did not prevent Plaintiff, with or without accommodation, from performing the duties of his job.

88. That Defendants terminated Plaintiff's employment because of his disability.

89. That any justification proffered by Defendants for Plaintiff's termination is pretextual in nature.

90. That any justification proffered by Defendants for Plaintiff's termination is either not based in fact, did not actually motivate the decision, and/or was too insignificant to warrant the action taken.

91. That at all times material hereto, Defendants Reed and Kahler acted pursuant to an official policy or custom of Defendant Delta Charter Township.

92. That at all times material hereto, Defendant Delta Charter Township had delegated final policy-making and decision-making authority to Defendant Reed and/or Defendant Kahler, who abused said authority by discriminating against Plaintiff based on a disability.

93. That Defendant Delta Charter Township is not entitled to any type of immunity as a municipal entity. *Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005).


THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

94. That Defendants Reed and Kahler are not entitled to qualified immunity.

95. That Plaintiff's right to be free from disability discrimination was clearly established. *See Bullington, supra*.

96. That Defendants had no rational basis to discriminate against Plaintiff because of his disability.

97. That Defendants' actions constitute disability discrimination in violation of 42 U.S.C. § 1983.

98. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any and all other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

99. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

100. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this


THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

Court deems just.

**COUNT III – DISABILITY DISCRIMINATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**

101. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 59 of his Common Allegations, paragraphs 60 through 80 of Count I, and paragraphs 81 through 100 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

102. That the Michigan Persons with Disabilities Civil Rights Act declares the opportunity to obtain employment without discrimination because of disability to be guaranteed and a civil right. M.C.L. § 37.1102(1).

103. That at all times material hereto, Plaintiff experienced a "disability" as that term is defined by the Act. M.C.L. § 37.1103(d)(i).

104. That at all times material hereto, Plaintiff experienced a determinable physical or mental characteristic that substantially limited one or more major life activities and is unrelated to his ability to perform his job duties. M.C.L. § 37.1103(d)(i)(A).

105. That at all times material hereto, Defendants regarded Plaintiff as experiencing a determinable physical or mental characteristic that substantially limited one or more major life activities and is unrelated to his ability to perform his job duties.

106. That at all times material hereto, Plaintiff's "disability" was unrelated to his ability to perform his job duties. M.C.L. § 37.1103(l)(i).

107. That at all times material hereto, Plaintiff's "disability" did not prevent Plaintiff, with or without accommodation, from performing the duties of his job. M.C.L. § 37.1103(l)(i).

108. That at all times material hereto, Defendants were Plaintiff's "employer" as the term is defined by the Act.

109. That Defendants discriminated against Plaintiff in one of the ways prohibited by the Act.

110. That Defendants discharged or otherwise discriminated against Plaintiff because of a disability that was unrelated to Plaintiff's ability to perform the duties of his job. M.C.L. § 37.1202(1)(b).

111. That any justification proffered by Defendant for Plaintiff's termination is pretextual in nature.

112. That any justification proffered by Defendant for Plaintiff's termination is either not based in fact, did not actually motivate the decision, and/or was too insignificant to warrant the action taken.

113. That Defendants' actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

114. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any and all other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

115. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.


THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

116. That Plaintiff hereby claims damages for any injury or loss caused by Defendants' violations of the Michigan Persons with Disabilities Civil Rights Act, including reasonable attorney fees, pursuant to M.C.L. § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: February 19, 2025 By: */s/ Victor J. Mastromarco, Jr.*

VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414ewq

**DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, KASEY FURGALA, by and through his attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: February 19, 2025 By: */s/ Victor J. Mastromarco, Jr.*

VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414